# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:06 CR 202 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| RICHARD LEE MASSEY, III, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter comes before the Court upon Defendant, Richard Lee Massey, III's *pro se* Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence. (ECF # 33). In response, the government filed a Motion to Dismiss Defendant's Motion. (ECF # 35). Mr. Massey replied to the Motion to Dismiss, clarifying that his request for relief is based on the provisions of the First Step Act. (ECF #36).

In September of 2006, Defendant, Richard Massey pled guilty to an indictment charging him with possession with intent to distribute 100 grams or more of a substance containing a detectable amount of phencyclidine ("PCP") in violation of 21 U.S.C. §841(a)(1) and 846. The government filed an information establishing that Mr. Massey had prior convictions, which increased his statutory penalty to a mandatory minimum of 240 months in prison. On December 19, 2006, this Court sentenced Mr. Massey to the mandatory minimum term of 240 months in prison.

Mr. Massey did not appeal his sentence. He now seeks relief under 28 U.S.C. §2255. Mr. Massey's motion under Section 2255 is untimely. Section 2255 petitions must be filed within one year of the finalization of the conviction. 28 U.S.C. §2255(f). In cases such as this, when no direct appeal is ever filed, the conviction is considered final when the time for filing a notice of appeal expires. *See, e.g., Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Exceptions to this time limitation may apply if the government has impeded the Defendant's ability to file the motion, the Supreme Court has newly recognized a right and has made it retroactively applicable to cases on collateral review, or if there are newly discovered facts relevant to the claim that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. 2255(f)(1)-(4). None of these exceptions apply in this case.

Mr. Massey was sentenced on December 19, 2006. His time for appeal expired in January of 2008. Thus, his window for filing a motion under 28 U.S.C. §2255 expired in January of 2007. Therefore, there can be no question that his current motion, filed in March of 2019 is untimely. Although Mr. Massey mistakenly, and untimely filed his request for relief under 28 U.S.C. §2255, it is clear from his filings that he intended to seek relief under the retroactive application of the First Step Act, which was signed into law on December 21, 2018. Properly presented, this request would have taken the form of a motion under 18 U.S.C. §3582(c). As Mr. Massey is a pro se litigant, and has clearly stated the basis for his request, the Court will, give him the benefit of the doubt and consider his request as if the motion were brought under the proper statute.

The First Step Act changed some of the mandatory minimum sentences applicable to drug related crimes. Under Section 401 of the First Step Act, however, new mandatory minimum

sentences apply only to defendants who are first sentenced after December 21, 2018, the date the Act was enacted. "The Amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, Pub. L. No. 115-391, §401(c), 132 Stat. 5194, 5220. Had Mr. Massey been sentenced after the date of enactment, he may be correct that his mandatory minimum sentence would have been reduced from twenty to fifteen years. 21 U.S.C. §841(b)(1)(A); First Step Act of 2018, Pub. L. No. 115-391, §401. Unfortunately for him, because he was sentenced prior to the enactment date of the First Step Act, the mandatory minimum sentence amendments made by the section do not apply in his case.

The First Step Act also made retroactive certain segments of the 2010 Fair Sentencing Act, which increased threshold quantities of cocaine base ("crack") that triggered higher statutory penalties. None of these provisions of the Fair Sentencing Act applied to Mr. Massey's case, however, as he was convicted possessing with intent to distribute quantities of PCP and not cocaine base.

For the reasons set forth above, the Government's Motion to Dismiss is GRANTED in PART (ECF #35). To the extent Mr. Massey's petition can be construed to seek relief under 18 U.S.C. §3582(c) and the First Step Act, no reduction in Mr. Massey's sentence is authorized by the Act, and his Motion for Relief is DENIED. (ECF #33).

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 7, 2019